## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CASPER COMMUNICATIONS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DELPHI AUTOMOTIVE PLC, DELPHI<br>CORPORATION and DELPHI<br>AUTOMOTIVE SYSTEMS LLC<br><br>　　　　　Defendants. | Case No. _____<br><br>Honorable: _____<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Casper Communications, LLC ("Casper" or "Plaintiff") for its Complaint against Defendants Delphi Automotive PLC, ("Delphi PLC"), Delphi Corporation, ("Delphi Corp."), and Delphi Automotive Systems LLC ("Delphi LLC"), (individually each a "Defendant" and collectively "Defendants"), alleges the following:

### NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### THE PARTIES

2.     Plaintiff is a limited liability company organized under the laws of the State of Texas with a place of business at 700 Lavaca Street, Suite 1401, Austin, Texas 78701 and is qualified to do business in the State of Michigan.

3.     Upon information and belief, Delphi PLC is a public limited liability company organized and existing under the laws of Jersey, United Kingdom with its principal place of business at Courteney Road, Hoath Way, Gillingham, Kent ME8 ORU, United Kingdom and can

Page 1 of 8

be served at that address.  Upon information and belief, Delphi PLC sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

4.      Upon information and belief, Delphi Corp. is a wholly owned subsidiary of Delphi PLC and is a corporation organized and existing under the laws of State of Delaware with its principal place of business at 5725 Delphi Drive, Troy, Michigan 48098 and can be served through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Upon information and belief, Delphi Corp. sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

5.      Upon information and belief, Delphi LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 5725 Delphi Drive, Troy, Michigan 48098, and can be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Delphi LLC sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b). On information and belief, Defendants conduct business in this District, the claims alleged in this Complaint arise in this District, and the acts of infringement have taken place and are continuing to take place in this District.

9.      On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because Defendants have sufficient minimum contacts within the State of Michigan and this District, pursuant to due process and/or the Michigan Long Arm Statute, Mich. Comp. Laws Serv. § 600.705, because Defendants purposefully availed themselves of the privileges of conducting business in the State of Michigan and in this District, because Defendants regularly conduct and solicit business within the State of Michigan and within this District, and because Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Michigan and this District.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,290,456

10.     The allegations set forth in the foregoing paragraphs 1 through 9 are incorporated into this First Claim for Relief.

11.     On October 16, 2012, the '456 patent entitled "Digital Antenna" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '456 patent is attached as Exhibit 1.

12.     The inventions of the '456 patent resolve technical problems related to wireless communications and antennas. For example, the inventions allow parties to utilize a digital antenna to improve signal quality in vehicle applications.

13.     The claims of the '456 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '456 patent recite one or more inventive concepts that are rooted in wireless communications antenna technology, and overcome problems specifically arising in the realm of antenna technologies.

14.     The claims of the '456 patent recite an invention that is not merely the routine or conventional use of antenna technology.  Instead, the invention utilizes a digital antenna and a programmable radio tuner located on the exterior of the vehicle, a set of network interfaces, a digital link, and a base unit located on the interior of the vehicle, to provide higher signal quality. The '456 patent claims thus specify how a digital antenna is manipulated to yield a desired result.

15.     The technology claimed in the '456 patent does not preempt all ways of using wireless antenna technology, nor preempt the use of all antenna technology, nor preempt any other well-known or prior art technology.

16.     Accordingly, each claim of the '456 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

17.     Plaintiff is the assignee and owner of the right, title and interest in and to the '456 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

18.     Upon information and belief, Defendants have and continue to directly infringe at least claims 1, 6, and 7 of the '456 patent by making, using, selling, importing and/or providing and causing to be used digital antenna based wireless communication systems (the "Accused Instrumentalities"). Specifically, the Accused Instrumentalities include, but are not limited to, the Delphi Connectivity System and Delphi Fuba Multi-band Antenna.

19.     Claim 1 of the '456 patent generally recites a radio system for a motor vehicle including (1) a digital antenna, (2) a digital link coupled to a first network interface, and (3) a base unit located within the interior of a motor vehicle.   The digital antenna includes the following: an antenna located on the exterior of the motor vehicle; a programmable radio tuner coupled to the antenna to selectively tune to a radio frequency (RF) and convert a RF signal to a baseband signal, the programmable radio tuner being located on the exterior of the motor vehicle; a first network interface coupled to the programmable radio tuner to receive the baseband signal and to convert the baseband signal to a network data signal.   The base unit located within the interior of the motor vehicle includes a second network interface coupled to the digital link to convert the network data signal to the baseband signal.

20.     The Accused Instrumentalities infringe claim 1 of the '456 patent. (*See e.g.,* http://www.delphi.com/docs/default-source/old-delphi-files/d8d869f3-68f2-4134-aee7-dbca59c98a4b-pdf.pdf?sfvrsn=0.)

21.     Claim 6 of the '456 patent generally recites the radio system of claim 1, wherein the digital link is an Ethernet, USB, or PCI Express link.

22.     The Accused Instrumentalities infringe claim 6 of the '456 patent. (*See e.g.,* http://www.delphi.com/docs/default-source/old-delphi-files/d8d869f3-68f2-4134-aee7-dbca59c98a4b-pdf.pdf?sfvrsn=0.)

23.     Claim 7 of the '456 patent generally recites the radio system of claim 1, wherein the digital link is a WiFi or Bluetooth wireless link.

24.     The Accused Instrumentalities infringe claim 7 of the '456 patent. (*See e.g.*, http://www.delphi.com/docs/default-source/old-delphi-files/d8d869f3-68f2-4134-aee7-dbca59c98a4b-pdf.pdf?sfvrsn=0.)

25.     On information and belief, the Accused Instrumentalities are marketed, provided to, and/or used by or for each Defendant's partners, clients, customers and end users across the country and in this District.

26.     Defendants were made aware of the '456 patent and its infringement thereof at least as of the filing and/or service of this Complaint.

27.     Upon information and belief, since at least the time each Defendant received notice, each Defendant has induced and continues to induce others to infringe at least one claim of the '456 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to each Defendant's partners, clients, customers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '456 patent.

28.     In particular, each Defendant's actions that aid and abet others such as their partners, customers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.  On information and belief, each Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because each Defendant has had actual knowledge of the '456 patent and

knowledge that its acts were inducing infringement of the '456 patent since at least the date each Defendant received notice that such activities infringed the '456 patent.

29.    Upon information and belief, each Defendant is liable as a contributory infringer of the '456 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States digital antenna technology to be especially made or adapted for use in an infringement of the '456 patent. The Accused Instrumentalities are a material component for use in practicing the '456 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

30.    Plaintiff has been harmed by Defendants' infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendants as follows:

A.    An adjudication that Defendants have infringed the '456 patent;

B.    An award of damages to be paid by Defendants adequate to compensate Plaintiff for Defendants' past infringement of the '456 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.    An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: January 11, 2017

JACKIER GOULD, P.C.

Eric A. Bean (P48676)
ebean@jackiergould.com
121 W. Long Lake Road, 2nd Floor
Bloomfield Hills, MI 48304

Telephone: (248) 642-0500
Facsimile: (248) 642-5241

*Attorneys for Plaintiff Casper Communications, LLC*

J:\014\80\00228508.DOCX